UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | |
|---|---|
| LARRY W. LANGSTON and KATHY N. LANGSTON, individually, and on behalf of others similarly situated, | ] ] ] ] ] |
| Plaintiff(s), | ] ] |
| vs. | ] CV-02-CO-2352-S ] |
| METABOLIFE INTERNATIONAL, INC. and CHEMINS COMPANY, INC., | ] ] ] ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

ENTERED
AUG 0 8 2003

I.   INTRODUCTION.

Presently before the court is a motion to dismiss class allegations and certain claims of the named plaintiffs, filed by the defendants on October 2, 2002. [Doc. # 4. *See also* Doc. # 7.] The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the court is of the opinion that the motion to dismiss is due to be granted in part and denied in part.

II.   FACTS.

Named plaintiffs Larry ("Mr. Langston") and Kathy ("Mrs. Langston") Langston have asserted a number of claims, both individually and on behalf of a putative state-wide class, for injuries allegedly caused by the diet drug Metabolife 356, which is manufactured and distributed by the defendants, Metabolife

International, Inc., ("Metabolife") and Chemins Company, Inc. ("Chemins"). The plaintiffs, on behalf of themselves and the putative class members, seek compensatory and punitive damages, as well as a disgorgement of profits to establish a medical monitoring fund. Among Mr. Langston's specific allegations with respect to damages is that he suffered a heart attack, which he claims resulted from his use of Metabolife 356.

The complaint, filed in the Jefferson County Circuit Court on August 16, 2002, and removed to this court on September 25, 2002, contains seven counts: Count One alleges a failure to warn claim and a failure to test claim; Count Two contains a claim for fraud; Count Three alleges an AEMLD claim for a defective and unreasonably dangerous product; Count Four alleges a negligence claim based on the marketing of Metabolife 356; Count Five alleges a breach of the implied warranty of merchantability; Count Six alleges a breach of the implied warranty of fitness for a particular purpose; and Count Seven alleges a claim by Mrs. Langston for loss of consortium.

III. STANDARD.

The defendants have challenged the sufficiency of the complaint under Rule 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claims which would entitle them to

relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiffs. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). Furthermore, "[a] complaint may not be dismissed because the plaintiff[s'] claims do not support the legal theory [they] rel[y] upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

IV. DISCUSSION.

The defendants have moved to dismiss the class allegations, as well as certain claims of the named plaintiffs. Specifically, the defendants argue that Alabama law does not provide for a medical monitoring remedy, that the plaintiffs' claim for recovery of the purchase price of Metabolife 356 was released in a previous settlement of a class action in Michigan, that Alabama law does not provide for a failure to test claim, and that several of the plaintiffs' claims are due to be dismissed as subsumed by their AEMLD claim. The court will address each of these arguments in turn.

A.   Motion to dismiss class allegations.

The defendants have moved to dismiss the class allegations because a "lack of 'commonality' and 'typicality' among personal injury claimants . . . defeat[s] class treatment." (Dft.'s Brief at 5.) The defendants note that the plaintiffs "do not cite to this Court a single opinion upholding the certification of a class action involving a mass-marketed consumer product that allegedly caused personal injuries to potential class members." [Doc. # 29 at 3.]

While it may be true that the certification of a class in this factual setting may be inappropriate and unjustified under Federal Rule of Civil Procedure 23, the court is of the opinion that the defendants' arguments with respect to the appropriateness of certifying such a class are inapposite to the determination of whether the plaintiffs state a claim upon which relief may be granted. The defendants' arguments go to the merits of a decision on class certification, and should therefore be raised in response to a timely motion for class certification. Because the defendants have failed to convince the court that the plaintiffs can prove no set of facts in support of their claims for class-wide relief, the motion to dismiss class allegations is due to be denied without prejudice to the right of the defendants to raise these arguments at an appropriate stage in the litigation.

B. Medical monitoring.

One element of the plaintiffs' claims for relief is that the defendants "establish a fund so that [Mr. Langston] and putative class members may be tested and treated for the adverse effects of Metabolife 356." [Complaint ¶ 23.] This is a claim for so-called medical monitoring damages. While the defendants correctly assert that the Alabama Supreme Court has held that Alabama does not recognize medical monitoring as a separate cause of action in circumstances in which the plaintiffs do not suffer from a present injury, see *Hinton v. Monsanto Co.*, 813 So. 2d 827, 829 (Ala. 2001), the court is not convinced that the Alabama Supreme Court would reject medical monitoring as an element of damages claimed by plaintiffs who suffer from a present injury.[1] As such, at least at this stage in the proceedings, the court concludes that the motion to dismiss, as to the claim for medical monitoring damages, is due to be denied.

C. Release of the claim for recovery of the purchase price.

The defendants argue that the plaintiffs' claim for "reimburse[ment of] monies paid for the defective product," [Comp. ¶ 23], is due to be dismissed to the extent the plaintiffs' claim involves any Metabolife 356 purchased prior to November 1, 2000, because the plaintiffs, as members of a class involved in

---

[1] The class as described in the complaint is limited to "[a]ll persons in the State of Alabama who have ingested Metabolife 356 . . . and suffered personal injury."

litigation in the Eastern District of Michigan, released such a claim. The order of dismissal entered in that case, *Gasperoni v. Metabolife International, Inc.*, No. 00-71255 (E.D. Mich. Mar. 15, 2001), which defined the class at issue as "all Persons in the United States . . . who purchased Metabolife 356 on or before October 31, 2000," released "any and all causes of action . . . that have been, could have been, may be or could be alleged or asserted now or in the future in [*Gasperoni*] . . . by an [sic] Representative Plaintiff or Class Member against [Metabolife.]" *Gasperoni*, slip op. at 1-2, 4-5.

However, the plaintiffs argue that their claims are specifically excluded from the release, which further provides that "notwithstanding the foregoing limiting language, the Released Claims shall not include any potential claims by Members of the Class seeking recovery for bodily injury or other personal injury allegedly caused by Metabolife 356." *Id.* at 5. The court is of the opinion that the claims for a refund of the purchase price of Metabolife are not "claims . . . seeking recovery for bodily injury," *id.*, but are rather claims seeking a restitutionary type of remedy. These claims were not excluded from the claims released by the *Gasperoni* settlement. As such, the plaintiffs' claims for reimbursement for Metabolife 356 purchased on or before October 31,

2000, are due to be dismissed as to defendant Metabolife.[2] *See New York Life Ins. Co. v. Robinson*, 735 So. 2d 463 (Ala. 1999).

   D.   Failure to test.

   The defendant argues that there is currently no failure to test claim cognizable under Alabama law. In a similar case before another judge in this district, the court, on a motion for summary judgment, noted that the "[p]laintiffs have not directed the [c]ourt's attention to a single authority supporting the maintenance of such a claim under Alabama law, nor is the [c]ourt independently aware of any such authority." *McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1257 (N.D. Ala. 2002). While the court is inclined to agree that there is currently no stand-alone cause of action for failure to test, the court agrees with a footnote in *McClain* that noted the plaintiffs could conceivably argue that the defendants' "failure to test Metabolife 356 contributed to it being an unreasonably dangerous product," or amounted to negligence on the part of the defendants. *McClain*, 193 F. Supp. 2d at 1257 n.3. Because the failure to test allegation may be a component of another of the plaintiffs' claims, at this early stage in the proceedings, the court will not dismiss this claim. However, the court will entertain any arguments as to the viability

---

[2]There is no indication that the plaintiffs released any such claims against Chemins in the *Gasperoni* litigation, and as such, claims for reimbursement from Chemins are not due to be dismissed.

of a stand-alone claim for failure to test at an appropriate stage in the litigation.

    E.    AEMLD.

In their initial motion to dismiss, the defendants argued that many of the plaintiffs' claims were subsumed in their AEMLD claim and were thus due to be dismissed. However, in the interim, the Alabama Supreme Court has held to the contrary, making the bulk of the defendants' argument moot. *See Spain v. Brown & Williamson Tobacco Corp.*, No. 1000143, 2003 Ala. Lexis 200 (Ala. June 30, 2003). Nevertheless, the defendants assert that the claim alleged in Count Five is due to be dismissed because, they argue, a claim alleging a breach of the implied warranty of merchantability under the UCC is inconsistent with the basis of the plaintiffs' allegations that Metabolife 356 is unreasonably dangerous.

The court does not agree that such inconsistency mandates dismissal of the UCC claim; indeed, the court in *Spain* indicated that the UCC and AEMLD can "go hand-in-hand . . . for it is apparent that [some] product[s are] unreasonably dangerous if [they are] unmerchantable." *Spain*, 2003 Ala. Lexis 200, at *21 (discussing food products). Because this case is before the court on a motion to dismiss, the record contains no evidence tending to support either or both theories of recovery; it may very well be that at the summary judgment stage, the court will agree that the plaintiffs are unable to establish a violation of the UCC or the

AEMLD. Because the defendants' argument implicates the merits of the plaintiffs' claims, the argument involves factual determinations of the sort the court is forbidden from considering on a motion to dismiss. The motion to dismiss as to the UCC claims is therefore due to be denied.

V. CONCLUSION.

In sum, the motion to dismiss is due to be granted as to the claim against Metabolife for reimbursement of the purchase price for Metabolife 356 purchased on or before October 31, 2000. The motion to dismiss class allegations, as well as the balance of the motion to dismiss certain claims of the named plaintiffs, are due to be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ____8____ of August, 2003.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

F:\WPDOCS\Coogler\CLERK2\Danielle\Memoranda\DIVERSITY CASES\Langston v. Metabolife, CV-02-CO-2352-S, opinion on motion to dismiss.wpd